# Walker v. Louisville & Nashville Railroad Co.

## Action of Detinue.

1. *Action of detinue by common carrier; when necessary to refund amount paid in order to maintain such suit.*—Where a common carrier, upon the payment of the freight charges by one representing himself to be the assignee of the consignee of the goods, but without demanding payment of the price due the consignor, in whom the title to the goods shipped was to remain until they were paid for, as shown by the bill of lading, delivers to the supposed assignee the goods, such common carrier can not, upon discovering the fraudulent representation, maintain an action of detinue against the person to whom it delivered the goods to recover their possession, without refunding to said person the amount he paid as freight charges on delivery of the goods to him.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN G. WINTER, Special Judge.
The facts of the case are sufficiently stated in the opinion.

GORDON MACDONALD, for appellant.—All the assign-

ments of error in this record are based on the familiar and long settled rule of law, that the right of rescission in contracts of sale can not be exercised, unless both parties can be practically restored to the condition in which they were when the contract was made. And this, too, though the rescission is sought on the ground of fraud in the party against whom the suit is brought. This rule is clearly and forcibly expressed in the cases of *Jones v. Anderson*, 82 Ala. 302; *Evans v. Gale*, 43 Amer. Dec. 614; *Kimball v. Cunningham*, 3 Amer. Dec. 230.

THOS. G. JONES, *contra.*—The plaintiff had a clear right to maintain this action in its own name against the defendant.—*Young v. East Alabama R. Co.*, 80 Ala. 100. It is also apparent from the record that the defendant on issue joined on his first plea, and the replications to the second and third pleas, had the benefit of all the defenses sought to be availed of by special pleas ; and that being so, any error, if error there be, in the rulings on the special pleas, is error without injury, and not cause for reversal.—*K. C., M. & B. R. R. Co. v. Higdon*, 94 Ala. 288; *L. & N. R. R. Co. v. Davis*, 91 Ala. 487; *Capital City Water Co. v. National Meter Co.*, 89 Ala. 401.

COLEMAN, J.—This is an action of detinue,instituted by the appellee railroad to recover certain horses. The plaintiff's right of action grows out of the following state of facts : Walker & Pfefferling shipped by the plaintiff as a common carrier, a car load of horses to Montgomery, consigned to themselves. The defendant, appellant, stated to the plaintiff that he was the assignee of the consignee, and in this right claimed that the horses should be delivered to him. The plaintiff informed him of the amount of the cost and charges of transportation, and offered to deliver the horses upon payment of the amount, under the belief that it covered all charges, and upon such payment the plaintiff delivered to him the horses. Soon afterwards, the plaintiff ascertained that defendant was not the assignee of the consignee, and was not entitled to the horses, and that there remained an unpaid balance due for the horses, secured by the retention of the title in the consignor, evidenced by the bill of lading ; the horses having been consigned to the shipper. Upon ascertaining the the mistake made by

the delivery of the horses, the plaintiff demanded the payment of the balance due the shipper, and this being refused demanded that the horses be returned. The defendant offered to return the horses to the plaintiff upon being reimbursed the amount paid by him to the plaintiff as charges. This the plaintiff declined to do; and thereupon the defendant declined to return the horses. Upon the refusal to return the horses, the plaintiff brought its action in detinue. We have not undertaken to state the facts literally as they appear in the pleadings, but have with sufficient accuracy, to present the questions of merit involved in the litigation.

The ruling of the court upon the pleading was, in effect, that plaintiff should recover upon these facts. In this conclusion we are of opinion the court erred. The act of the railroad carrier in delivering the property to the defendant, whether induced by fraud or mistake, did not operate to divest the title of the consignee, and if the consignee had instituted this action, there is no statement of fact in the pleadings which would have defeated the action; but this action is by the railroad. The plaintiff, when it received the horses and was in possession of them as a common carrier, had a special property in the horses which would support an action in detinue or trover, or trespass, against any one who wrongfully dispossessed it, subject to any legal conditions which applied. The general rule is, that where any person has been induced to deliver any thing, by such means (whether by fraud or mistake of fact), that he is entitled to rescind the transaction, he must, in order to do so, first restore to the o her party whatever may have been received in exchange for the thing he seeks to recover back.—*Evans v. Gale*, 17 N. H. 573, s. c. 43 Am. Dec. 614; *Jones v. Anderson*, 82 Ala. 302. In this case the plaintiff parted with the possession and such special property in the horses as was vested in it as a common carrier or bailee upon the consideration of the payment of a certain sum of money. It seeks to recover back the property upon the grounds, that it delivered the property to defendant by mistake of fact, or fraud, and at the same time refuses to repay the defendant the money received. We cannot perceive any sound reason why the general rule does not apply to the plaintiff. The appellee cites the case of *Young v. The East Alabama R'y Co.*, 80 Ala. 100, in sup-

port of the contention that plaintiff could maintain the action, without a restoration of the money received. There are some expressions in the opinion which sanction the contention, but the case rightly construed, with reference to the facts, is not an authority on the question. If in the case cited, the suit had been by the Alabama Great Southern Railroad Co., a common carrier and original bailee of the consignee, to recover possession of the pool tables from one who had paid freight charges and to whom it had been delivered by fraud or mistake, upon such payment, the cases would have been similar. But in that case the pool table had rightfully come back from the person to whom it had been delivered to the possession of the Alabama Great Southern Railroad Co., and the suit was by the person to whom it had been delivered against the common carrier or its agent, in possession; and the question was, whether the defendant could defend upon the title of the original consignee, who had never parted with the title or ownership. The court held that the plaintiff had never acquired a valid title to the pool table by its delivery, and though the general rule was that the bailee could not dispute the title of his bailor, it might deliver the goods to the true owner, and this would be a good defense against the bailor. If the plaintiff in this case had regained legal possession of the horses from the defendant, and was itself being sued by the defendant in detinue, it may be that, under the influence of the decision in 80 Ala., *supra*, it could defend upon the title of the rightful owner. We cannot extend the principles declared in that case so far as to hold, that the plaintiff becomes reinvested with the special property or title, merely upon a demand, without repayment of the money which it had received. It seems contrary to authority and principles of justice to permit plaintiff to recover the horses, and at the same time retain the money. We do not deem it necessary to consider the pleadings specially, as it is evident the case was tried throughout, upon the proposition that plaintiff could maintain the action without an offer to return the money received from the defendant. Whether the defendant was able to return the horses upon the restoration of the money, and was thus entitled to it, presents a question not before us on this appeal.

Reversed and remanded.