# Wilcox *v.* San Jose Fruit Packing Co.

## *Action of Detinue.*

1. *Pleading and practice; submission of cause on agreed statement of
facts; evidence not admissible thereafter.*—After a case has been sub-
mitted to the court on an agreed statement of facts, the court can
not, without setting aside the submission, allow one of the parties to
the suit, against the objection of the other, to introduce additional
facts, the existence of which was known to the former before the sub-
mission.

2. *Rescission of contract of sale; vendee must be placed in statu quo.*—
To entitle a vendor to rescind a sale of goods and recover them back
from the purchaser, he must first restore the party to the same con-
dition and advantage, as far as can be reasonably done, that he occu-
pied before the purchase.

3. *Same; same; action of detinue.*—In an action of detinue brought
by the seller of goods to recover from the purchaser the property so
sold, where it is shown that the purchaser had paid the freight
charges, and that the goods, in accordance with the directions of the
seller, were delivered to the purchaser upon his acceptance of the
draft drawn upon him, which draft at the time of the institution and

[Wilcox v. San Jose Fruit Packing Co.]

trial of the suit was in the possession of the plaintiff, the plaintiff is not entitled to recover without returning or tendering back to the purchaser the said accepted draught; and he is not relieved of this duty, notwithstanding the purchaser may be insolvent.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

GRAHAM & STEINER, for appellant.—1. The cause was submitted upon an *agreed* statement of facts signed by the attorneys for the plaintiff and the defendant, and it was upon *this* statement that the cause was submitted to the court. Notwithstanding this fact, the court, against the objection of the defendant below, after the cause was argued and submitted, allowed the attorneys for the plaintiff to introduce in evidence and tender the acceptance spoken of in the abstract. This was an amendment to an agreed statement of facts and made by the court over the protest of defendant's attorneys. This being true, it entirely changed the *agreed* statement of facts, and in our opinion it should not have been allowed, or if allowed, the court should have declined to have heard the case as upon the agreed statement of facts which had been entered into, argued and submitted to him before.

2. It was the duty of the plaintiff before the. trial to return to defendant or Birch & Crawford the acceptance; it was also their duty to have paid to the defendant the hundred and ninety odd dollars freight money which the defendant paid out to get the goods.—*Hoyt v. Turner*, 84 Ala. 523; *Jones v. Anderson*, 76 Ala. 427; *Jones v. Anderson*, 82 Ala. 302; *Young v. Arntze*, 86 Ala. 116; *L. & N. R. R. Co. v. Walker*, 111 Ala. 233.

SAYRE & PEARSON, *contra.*—As stated in *Jones v. Anderson*, 82 Ala. 302, the right to rescind "involves the restitution of *whatever of value* such (party) may have received under the contract." That appellee had the right to rescind under the agreed statement of facts set out in the record has not been denied so far. That the acceptance was worthless would seem to be evident from the same facts, and shall not be discussed. The same

[Wilcox v. San Jose Fruit Packing Co.]

doctrine is laid down in the following case : *Kimball v. Cunningham*, 3 Am. Dec. 230. Bishop on Contracts, § 679, and 1 Whart. Contr., Sec. 285, are cited as sustaining the decision of the court in *Jones v. Anderson*, in 82 Ala. 302, and they do amply sustain it when the facts recited in 76 Ala. 428, are borne in mind. None of these authorities hold, however, nor even intimate, that the law requires the return of the acceptance of an insolvent debtor as a condition precedent to rescission. On the contrary SHAW, C. J., among the ablest of American judges, speaking for the Supreme Court of Massachusetts, upon of the exact point here involved, says : "The precise question there is this, whether the vendee's own note not negotiated, comes within the rule. Had it not been negotiable, we think it quite clear, that there would be no necessity of returning it. Rescinding the contract for the sale, *rescinds the contract of payment by the vendee.* A note not negotiable would have been nothing more than an express promise to pay for the goods, and would have been avoided with the sale." *Thurston v. Blanchard*, 22 Pick. 18 ; *Duval v. Mowry*, 6 R. I. 485.

COLEMAN, J.—Birch & Crawford purchased from the Fruit Company (appellee) a car load of fruit, shipped from California, to the purchaser in Montgomery. Birch & Crawford failed in business and assigned. The vendor, the plaintiff, instituted the present action of detinue for the car load of fruit against appellant Wilcox, the assignee. The case was submitted to the court for decision without a jury upon the following agreed statement of facts :

"That Birch & Crawford were, at the time of the purchase of the goods sued for, insolvent or in failing circumstances. That at that time Birch & Crawford had no reasonable expectation of being able to pay for the goods. That Birch & Crawford failed to disclose their financial condition to plaintiff ; no demand was made on them for a statement, and none was made. That before the bringing of this suit, Birch & Crawford bought on credit from the plaintiff the goods sued for, and they have never been paid for.

"That Birch & Crawford made a general assignment to defendant, M. P. Wilcox, for the benefit of their credi-

[Wilcox v. San Jose Fruit Packing Co.]

tors, on October 17th, 1896. Said assignment is made a part of this agreement.

"That on October 16th, 1895, Birch & Crawford paid the freight on the goods in controversy, but they were left in possession of the railroad company. That on the 18th day of October, 1895, the assignee, Wilcox, the defendant, took the goods from the railroad and put them in the place of business, which had been occupied by Birch & Crawford, but then in his charge; and they were in his possession when this suit was brought. About a week after the assignment, plaintiff's attorney made demand on said Wilcox for the goods.

"That a bill of lading was attached to the draft drawn by plaintiff on Birch & Crawford, for the purchase price of the goods in suit, with instructions to the bank to which it was sent for acceptance and collection, to deliver the bill of lading when the draft was accepted by Birch & Crawford; that the draft was accepted and the bill of lading delivered to Birch & Crawford on October 16th, 1895. The draft was dated October 2, 1895, and was payable sixty days after date; that the First National Bank of Montgomery, to which the draft was sent, had instructions to retain the draft and collect on maturity; that the said bank kept the draft, and on or about its maturity, without any further instruction from the plaintiff, presented it to Birch & Crawford for payment, which was refused; that at the time of the bringing of this suit, plaintiff deposited in the said bank $2,500 to indemnify said bank against loss it might suffer by reason of making bond for plaintiff to bring this suit, which said bank did. The plaintiff never tendered back to Birch & Crawford the freight money nor the acceptance. Upon the foregoing, which are the facts, it is agreed that the court shall decide the case, a jury being waived. The value of the property is $1,441.75; property in possession of plaintiff."

The day after the cause had been submitted, but before a decision had been rendered, the plaintiff obtained leave of the court to withhold its decision until they could send to California and get the acceptance spoken of in the agreed statement of facts, and to tender it to defendants, and to make proof of these facts, and to file the acceptance in court with the papers. The court granted the motion, held up its decision until the draft

[Wilcox v. San José Fruit Packing Co.]

had been received, and tendered and filed, againt the objection of the defendant, and that, too, as appears from the abstract, without setting aside the submission, and placing the parties *in statu quo*.

The draft with the acceptance is as follows:

"$1,145.75.

Office of San Jose Fruit Packing Company,

San Jose, Cal., Oct. 2nd, 1895.

Sixty days after date pay to the order of ourselves, Eleven Hundred Forty-five 75-100 dollars, United States Gold Coin, with Exchange on New York or San Francisco, value received, and charge the same to account of

San Jose Fruit Packing Co.

No. 341.                                          Per p. a 12o.

H. H. Peate,

Treasurer.

To Birch & Crawford, Montgomery, Alabama."

The court gave judgment for the plaintiff, and defendant appealed.

Two questions are presented: Did the court have authority to receive the additional evidence? and if not, did the agreed statement of facts authorize the judgment of the court? We are of opinion that both of these questions must be answered adversely to appellee. The conclusive presumption is, that the defendant would not have consented to the submission of the cause for decision by the court, upon any other than the agreed statement of facts. If the court had decided the case upon the agreed facts in favor of defendant, and the plaintiff's right to a new trial had depended upon the right to obtain and introduce the accepted draft on another trial, no proof of diligence was shown nor evidence offered to show why the acceptance was not introduced on the first trial. When parties go to trial, relying upon such evidence as is present, knowing at the time there is additional evidence, and lose, they are not entitled to another hearing, without some showing other than the mere proof of the existence of such other evidence. The principle is the same. The defendant had a right to a decision of the cause upon the facts upon which the cause was submitted. Of course, the court had the power during the term, for good cause, to set aside the submission. This was not done.

[Wilcox v. San Jose Fruit Packing Co.]

It is contended by appellee that the judgment of the court was right, upon the agreed statement of facts, independent of the accepted draft, and that if the action of the court in receiving the draft was erroneous, it was error without injury; and for this reason we are asked to affirm the judgment of the court. It is not controverted that under the facts the plaintiff had the right to rescind the contract of sale, and we will not consider that question. The question of merit is, did the plaintiff do all that was required of it to effect a rescission, and authorize it to recover. The agreement shows, that the plaintiff drew a draft on the second of October, 1895, payable to its own order, sixty days after date, on the purchasers, Birch & Crawford, to which the bill of lading was attached, and forwarded the same to the First National Bank of Montgomery for acceptance, with instructions to deliver the bill of lading when the draft was accepted, and to retain the draft for collection. The draft was accepted, and the bill of lading delivered to Birch & Crawford on the 16th of October, 1895. The suit was instituted on the 7th of November, 1895, nearly a month before the maturity of the draft. Without further instructions than those originally given, the First National Bank held the draft for collection until maturity, and then presented it to Birch & Crawford for payment on their acceptance.

On the day of the delivery of the bill of lading, to-wit, the 16th of October, Birch & Crawford paid the freight on the car of fruit. On the next day, (17th of October) Birch & Crawford assigned to Wilcox, the defendant, who then took possession of the goods from the railroad. The plaintiff brought its suit, and proceeded to trial without offering to pay back the freight charges, and without offering to return the accepted draft before bringing suit or during its pendency or at the trial; and the evidence shows that after the suit was instituted, and before trial, the First National Bank, in pursuance of instructions, presented the acceptance for payment, and for aught that appears from the agreed facts, the acceptance is still outstanding either in the possession of the plaintiffs or some indorsee as a claim against the purchaser. We do not doubt that the defendant was entitled to judgment.

Appellee's contention is, that the evidence shows that

[Wilcox v. San Jose Fruit Packing Co.]

Birch & Crawford were insolvent; and, therefore, it argues, that the acceptance was wholly worthless, and plaintiff was relieved from tendering the draft to defendant, and filing it in court for the defendant, during the trial. Neither of the cases cited by the appellee support this contention. That of *Frost v. Lowery*, 15 Ohio 200, presented a case of acceptance by an accommodation acceptor, in which it was expressly shown, that the acceptor had no funds of the drawer. The facts further show, that the draft was tendered back, with the acceptance erased, and no objection raised on account of the erasure, and the court held, that it was a waiver. In addition the facts show, that the draft was brought into court at the trial and tendered to defendant. In the case of *Thurston v. Blanchard*, 22 Pickering 18, it was held, that if the plaintiff had the note at the trial, having never indorsed or assigned it, ready to be delivered up, and actually delivered up, that would be a sufficient return of the obligation to authorize a recovery. So in the case of *Duval v. Mowry*, 6 R. I. 485 the facts show that the acceptance was brought into court at the trial and surrendered. The argument of the court tends to show that if the acceptance was "wholly worthless," the plaintiff was not required to tender back the acceptance before bringing suit.

The rule is almost universal, that to entitle a vendor to rescind a sale of goods and recover them from the purchaser, he must first restore the party to the same condition and advantage as far as can be reasonably done, as he occupied before the purchase.

In the case of *Evans v. Gale*, 18 N. H. 397, the court refused to allow evidence of insolvency as an excuse for not returning the obligation, remarking that it by no means followed, that because a party at a particular time was unable to pay his debt, that he never would pay it, or that he would remain insolvent. We cite also the following authorities: *Hoyt & Bros. Mfg. Co. v. Turner*, 84 Ala. 523; *Jones v. Anderson*, 76 Ala. 427; *Jones v. Anderson*, 82 Ala. 302; *Young v. Arntze*, 86 Ala. 116, and cases cited under said authorities; *L. & N. R. R. Co. v. Walker*, 111 Ala. 233.

We have considered the case as it is made by the record. We must not be understood as holding, that under the circumstances, the plaintiff should return or

tender to the vendee, the freight paid by him to entitle him to a rescission of the sale, and recovery of the goods; nor do we decide that the agreement of the parties will preclude the plaintiff from filing in court, for the defendant on another trial, the acceptance.

Reversed and remanded.