[Jebeles & Colias Confectionery Co. v. Hutchinson & Son.]

# Jebeles & Colias Confectionery Co. v. Hutchinson & Son.

## Trover.

(Decided Dec. 8, 1910. Rehearing denied Feb. 16, 1911.
54 South. 618.)

1. *Pleading; Plea; Time for Filing.*—Where the pleadings had been closed on the previous day and the court adjourned with the distinct understanding that the pleadings were closed and that on re-convening, the examination of the witnesses would begin, it was not error to refuse to permit the filing of an additional plea.

2. *Trover and Conversion; Demand and Refusal.*—Goods delivered under a contract of sale cannot become the subject of conversation, even if the contract is void until there has been a demand for their return while in the possession of the party to whom delivered, and a refusal.

3. *Same; Evidence; Identity of Article.*—Where it appeared that the defendant had had other similar bottles, and that it would be impossible to identify them, the fact that a witness testified that he saw some bottles answering to the description, is not sufficient evidence that the bottles described in the complaint were in the possession of the defendant at the time the demand was made.

4. *Corporation; Contracts; Ultra Vires.*—Where the articles of incorporation authorizes it to purchase all articles of merchandise, a contract for the purchase of bottles cannot be said to be ultra vires.

5. *Judgment; Res Judicata.*—Where there were several pleas in addition to the plea of ultra vires to an action in assumpsit, a general verdict for the defendant therein is not res judicata of the question of ultra vires in an action for conversion, where from aught that appears in such judgment, it may have been rendered on the grounds that the goods had been paid for or that the defendant had set off.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. H. Alston.

Trover by W. H. Hutchinson & Son against the Jebeles & Colias Confectionery Company, for the conversion of a lot of bottles. Judgment for plaintiff and defendant appeals. Reversed and rendered.

C. B. POWELL, for appellant. In an action of trover time must be laid and proven as laid.—*Williams v. Mc-*

*Kissack,* 48 South. 377; *Mobile v. Bay Shore L. Co.* 48
South. 377. A demand and refusal was necessary.—1 A.
& E. Enc. of Law, 728; 9 ib. 208, and authorities supra.
The defendant had power to buy and sell merchandise,
and its original receipt of the goods was legal, and hence,
a demand was necessary.—*Morrow. v. Rosenthal,* 106
Ala. 198. The plea of res judicata was good.—*Lytle
v. The Bank,* 26 So. 6; *Fireman's I. Co. v. Cochran,* 27
Ala. 228. An election to sue in assumpsit is inconsistent
with the claim of ownership.—*Sou. Ry. Co. v. Attalla,*
41 South. 664; *Hickman v. Richbourg,* 122 Ala. 638.
A private corporation cannot retain the benefits of an
executed contract and at the same time repudiate it.—
*Allen v. LaFayette,* 89 Ala. 650; *Stoffer v. Smith-Davies
Co.* 45 South. 621. Counsel discuss other assignments
of error, not necessary to be here set out.

BOWMAN, HARSH & BEDDOW, THOMPSON & THOMPSON,
EASTMAN & WHITE, and G. L. WISE, for appellee. The
assignments of errors are not sufficiently argued, nor
is there argument on any specific assignment, and hence,
the case should be affirmed.—*M. & C. R. R. Co. v. Mar-
tin,* 131 Ala. 280; *L. & N. v. Morgan,* 114 Ala. 456; *Wil-
liams v. Spraggins,* 102 Ala. 430; *Lehman v. Meyer,* 67
Ala. 400. Where the contract of sale of personal prop-
erty is void, and the purchase money therefor is not paid,
an action of trover may be maintained against the pur-
chaser for the conversion of the property he received,
under the void contract.—*Strauss & Sons v. Schwab,*
104 Ala. 669; *Moore v. Monroe Co.* 128 Ala. 621. If a
person in the rightful possession of chattels under per-
mission of the owner, makes a wrongful use or dispo-
sition, such wrongful use or disposition constitutes con-
version.—28 A. & E. Ency. of Law, 696 (2d Ed.); *St.*

*John v. O'Connell,* 7 Port. 466; *Kyle v. Gray,* 11 Ala. 233; *May v. O'Neal,* 125 Ala. 620; *Haas v. Taylor,* 80 Ala. 459; *Ensley Lum. Co. v. Lewis,* 121 Ala. 94. In such case it is immaterial that the seller makes the sale under the belief that the property is his own, and in ignorance of the true owner's rights.—28 A. & E. Ency. Law, 696-7 (2d Ed.) ; *Woods v. Rose & Co.* 135 Ala. 297. In such case no demand is necessary before institution of suit.—28 A. & E. Ency Law, 697; *St. John v. O'Connell,* 7 Port. 466; *Kyle v. Gray,* 11 Ala. 233; *May v. O'Neal,* 125 Ala. 620; *Haas v. Taylor,* 80 Ala. 459; Ensley Lum. Co. v. Lewis, 121 Ala. 94. Where it is shown that the chattel was in the defendant's possession at a time prior to the demand, and upon demand therefor he refused delivery, this is prima facie evidence of the conversion, and the burden is on the defendant to show legal excuse for such refusal.—28 A. & E. Ency. Law, 712 (2d Ed.) ; *Magee v. Scott,* 9 Cush. (Mass.) 148; *Folsom v. Manchester,* 11 Cuch. (Mass.) 334; *Davis v. Hurt,* 114 Ala. 150. Where the party refuses to deliver possession of personal property upon demand under the claim of title to it himself, he cannot in defense of an action for conversion show justification for his refusal, on the ground of want of possession at the time of demand.—28 A. & E. Ency. of Law, 711 (2d Ed.). A demand and refusal not only constitutes evidence to prove a conversion at the time when the demand is made, but may be made the basis of an inference from which the jury may find a conversion at a time prior to the demand and during the defendant's possession. 28 A. & E. Ency. Law, 712, and cases cited. Judgment having attached, the conclusive effect of the judgment is not impaired by the fact that it is erroneous in point of law, that it would be reversed on appeal for error.—23 C. Y.

C. 1288-9; 23 C. Y. C. 1236-7; *Haas v. Taylor,* 80 Ala. 459; *Brown v. Tillman,* 121 Ala. 626. A judgment is an estoppel upon a party not only in so far as it decides a question adversely to his claim or contention in the suit, in which it is rendered, but where it recognizes or sustains his theory or claim, it estops him afterwards taking a different position in litigation with the same opponent.—23 Cyc. 1292; *Brown v. Tillman,* 121 Ala., 626; *Haas v. Taylor,* 80 Ala. 459; *Liddell v. Chidester,* 84 Ala. 508; *Andress v. Doolittle,* 11 Conn. 283; *Butler v. Tifton Co.,* 121 Ga. 817; *Holt v. Schneider,* 61 Neb. 370; *Bolling v. Schuyler Nat'l Bank,* 26 Neb. 281. An ultra vires contract is illegal and void.—*Chewacla Lime Wks. v. Dismukes,* 87 Ala. 115. If the questions involved in a suit are tried and decided, no matter how numerous they may be, the estoppel of the judgment will apply to each point so settled, in the same degree as if it were the sole issue in the case.—*Ingwersem v. Bucholz,* 88 Ill. Appellate, 73; *Whitehurst v. Rogers,* 38 Md. 503; *Hoagland v. Hoagland,* 25 Utah, 56; *Rowell v. Smith,* 123 Wis. 510; *Manhattan Trust Co. v. Trust Co. of N. A.* 107 Fed. 328.

SIMPSON, J.—This action is by the appellees, against the appellant, for the conversion of certain bottles, etc., by the defendant. The case was tried by the court without a jury.

The assignments of errors from 3 to 13, inclusive, relate entirely to the admission and exclusion of testimony, as to which no argument is made. Assignment No. 1 is to the refusal of the court to grant a continuance to the defendant, which, under the facts shown, was a matter resting in the discretion of the court, and there is nothing to show that the discretion was abused.

Assignment No. 2 is that the court erred in refusing to allow the defendant to file plea 13. The pleadings had been distinctly closed on the previous day, and the court adjourned, with the distinct understanding that the pleadings were settled, and that the examination of witnesses would commence "promptly upon the convening in the morning." The court did not err in refusing to allow an additional plea to be filed.

The first point claimed in the argument is that counts 1, 2, 3, and 4 were not sustained by the evidence. The only assignments of error to which this can be referred is the fourteenth, which is that: "The court erred in rendering the judgment against the defendant." As count 5 lays the conversion of the entire property on the day the suit was brought, even if it should be admitted that the conversion was not proved on the dates stated in the previous counts, that would not show that the court erred in rendering the judgment. So the question really is whether or not the court erred in rendering the judgment against the defendant on the entire pleading and evidence.

There are several insuperable difficulties opposed to a recovery by the plaintiffs in this action. According to the testimony of both the plaintiffs and defendant, whatever goods were delivered by the plaintiffs to the defendant were delivered under a contract of sale, and even if that contract was void, which is not apparent, the goods could not be the subject of conversion until a demand was made for them and the demand refused, while the goods were in the possession of the defendant.—*Locke v. Reeves,* 116 Ala. 590, 592, 593, 22 South. 850; *Strauss & Sons v. Schwab et al.,* 104 Ala. 669, 672, 673, 16 South. 692; *King v. Franklin,* 132 Ala. 560, 566, 31 South. 467; 28 Am. & Eng. Ency. Law, 771; *Ala. & Tenn. River R. Co. v Kidd,* 35 Ala. 209, 220. The evi-

[Jebeles & Colias Confectionery Co. v. Hutchinson & Son.]

dence shows that the plaintiffs had been for years selling similar goods to the defendant, and while several witnesses testify that at the time the last demand was made they saw some bottles answering the description of those sold, yet there is no proof that the goods claimed in the complaint were in the possession of the defendant at the time of said demand. Several of the witnesses said it would be impossible to identify the bottles.

Aside from this principle, which is decisive of the case, under its articles of incorporation defendant was authorized to purchase all articles of merchandise, and the purchase of these articles was not ultra vires; nor can it be said that the judgement of the court in the previous case was res judicata as to this point, as the record shows that there were a number of other pleas in that case, and the judgement was general. From aught that appears, that judgement, being an action of assumpsit, may have been on the ground that the goods had been paid for, or that the defendant had set-offs.—*Huntzicker v. Crocker.* 135 Wis. 38, 115 N. W. W. 340, 15 Am. & Eng. Ann, Cas. 445, 446; *Callan v. Anderson,* 131 Ala. 228, 232, 31 South. 427; 23 Cyc. 1297, 1298; *Dobson v. Hurley et al.,* 129 Ala. 380, 30 South. 598.

The judgment of the court is reversed, and a judgment will be here rendered in favor of the defendant.

Reversed and rendered.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.