(79 South. 387)

FARMERS' COTTON OIL CO. v. ATLANTA & ST. A. B. RY. CO.    (4 Div. 802.)

(Supreme Court of Alabama.    June 29, 1918.)

1. SALES ☞224 — REMEDIES OF SELLER AGAINST THIRD PERSONS—CONVERSION.

Where a shipment of seed was delivered by carrier to wrong party, who through mistake accepted and used the seed, consignor cannot recover against such party for conversion of seed where with full knowledge of all facts it accepted from such party the full purchase price of the seed.

2. SALES ☞226(15) — RIGHTS OF BUYER AGAINST THIRD PERSONS—CONVERSION.

Where a shipment of seed was delivered by carrier to wrong party, who accepted and used the seed, the latter cannot be sued for conversion by real consignee after consignee had rescinded the sale of the seed and had received back the purchase money from vendors.

3. CARRIERS ☞76 — MISDELIVERY BY CARRIER—CONVERSION OF GOODS—DEMAND.

Where carrier's misdelivery was due solely to its own mistake, it must demand possession of goods and offer to return freight or other charges before maintaining action in detinue or conversion; but, where receiver was guilty of fraud so that receiving goods constituted conversion or unlawful detention, no such demand is necessary.

4. CARRIERS ☞76—CARRIER'S MISDELIVERY—SUIT FOR CONVERSION.

Where carrier negligently delivers shipment to wrong party, who accepts and uses the goods and subsequently pays consignor full purchase price therefor, carrier cannot recover in action in trover against person so receiving goods.

5. APPEAL AND ERROR ☞1176(4) — DETERMINATION—RENDITION OF JUDGMENT.

Where judgment rendered by court trying case without jury is reversed, appellate court may render such judgment as trial court should have rendered.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by the Atlanta & St. Andrews Bay Railway Company against the Farmers' Cotton Oil Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act of April 18, 1911, p. 450. Reversed and rendered.

Farmer, Merrill & Farmer, of Dothan, for appellant. E. H. Hill, of Dothan, and E. S. Thigpen, of Montgomery, for appellee.

MAYFIELD, J. The action is in trover, by appellee a common carrier, to recover damages for the conversion of freight which had been delivered by it through its own mistake, without actual fraud on the part of appellant. If appellant was guilty of any wrong, it was negligence in not knowing that the freight delivered did not belong to it, or that the delivery to it was by mistake of the carrier, and in not correcting the mistake. The mistake was not induced by appellant. We do not say that the evidence shows either of these faults on its part, but this is the only fault that the evidence in the slightest degree tends to establish. The freight was cotton seed, and appellant was in the business of buying cotton seed in the market, and appellee was in the business, and in the habit, of delivering to it the seed so purchased. The seed in question were purchased by another cotton seed company, of somewhat similar name, viz., the Southern Cotton Oil Company and were received by the carrier, consigned to the purchaser; but by a mistake of one of the carrier's agents the waybill was made out so as to show a delivery to be made to appellant,

and they were so delivered, and appellant paid the freight charges to appellee. Before appellee discovered the mistake, appellant had either used the seed, or they were so commingled with other seed of appellant that a delivery back to the carrier, or the real consignee, could not be had. The carrier demanded the seed after discovering the mistake but never did offer to refund the freight charges.

It is made to appear that the real consignee, on failure to receive the seed, went back upon its vendors, and that the vendors refunded the purchase money and the sale as between them was necessarily rescinded; and that the vendors then took up the matter with appellant, and appellant paid the vendors for the seed, and thus adjusted the differences between themselves.

[1-3] It is certain that the original vendors could not recover in this action against appellant, because with full knowledge of all the facts they accepted from appellant the full or agreed price of the seed. The purchaser and real consignee could not recover because, with full knowledge of all the facts, it settled with the vendors, receiving back the price paid and rescinding the sale, and thereby reinvesting the vendors with all the title and right it ever had as to the seed in question. Whatever right, if any, it had remaining against the carrier or the appellant as for its fault in not delivering the seed, its right to recover the seed in detinue, or the value thereof as for a conversion, was lost or passed to the vendors when it received back the purchase money and rescinded the sale. Whatever right it had to maintain trover or detinue passed to the vendors and then passed to appellant when the vendors settled with appellant by receiving pay for the seed so received by it through mistake. So appellee must depend upon its own right, and not that of bailee of the consignor or of the consignee, to recover in this action. If it can recover, it must recover on account of its own wrong, which it has never offered to right by paying back to appellant the freight charges paid it by appellant. Through its own fault it delivered the seed to appellant and received the freight charges, and never demanded a redelivery back, until a redelivery was impossible, because or on account of the fault of appellee. It is very true that a carrier may, in proper cases, recover in detinue or trover as for a detention or conversion of freight which it has by mistake delivered to one who had no right to receive it. To maintain such action, where the wrongful delivery was due solely to its own mistake, and not to the fraud or fault of the one so receiving it, the carrier must demand the possession and offer to restore the party so receiving to its or his original position, by paying back the charges so paid; in other words, it must make such party whole or offer so to do before it can maintain trover

or detinue in such case. If, however, the receiving was by the fraud of the party so receiving, in such sense or manner as to make the receiving a conversion or a wrongful detention, then notice would not be necessary; but such are not the facts of this case. This case falls within the rule announced in the cases of Locke v. Reeves, 116 Ala. 591, 22 South. 850; Jebeles v. Hutchinson, 171 Ala. 106, 54 South. 618, Ann. Cas. 1913A, 1107; Ala. T. R. R. Co. v. Kidd, 35 Ala. 209; Strauss v. Schwab, 104 Ala. 659, 16 South. 692; King v. Franklin, 132 Ala. 560, 31 South. 467—and not within the rules or principles declared in Young v. E. A. Ry. Co., 80 Ala. 100. The difference between these two lines of cases is well pointed out by this court in the case of Walker v. L. & N. R. R. Co., 111 Ala. 233, 20 South. 358. A common carrier cannot recover back property which it has delivered to the wrong person by mistake or fraud without paying the party the money received as freight or other charges. Walker v. L. & N. R. R. Co., 111 Ala. 233, 20 South. 358; Young v. Railroad Co., 80 Ala. 100; Jones v. Anderson, 82 Ala. 302, 2 South. 911. The second case cited is explained by the first.

The above case was a much stronger case for the appellee carrier than this, and yet it was held that the carrier could not recover in detinue, and we see no reason why it could recover in trover, if it could not in detinue, so far as appears from the facts of the two cases. It is true, of course, that there may be a recovery in trover when there could not be in detinue, or possibly in detinue when there could not be in trover; but, so far as the facts of this case are concerned, the undisputed facts would, by the application of the rule declared in the above case preclude a recovery by the carrier in either case unless it offered to make the defendant whole, or to purge itself of its own wrong. No man shall profit by his own wrong. It was the negligence of the carrier that confused the goods in question, and, without attempting to rectify its own wrong so far as appellant concerned, it attempts to retain its money paid as freight charges and also to hold it as for a conversion, which its own negligence caused. In that case it is said:

"The general rule is that where any person has been induced to deliver anything, by such means (whether by fraud or mistake of fact) that he is entitled to rescind the transaction, he must, in order to do so, first restore to the other party whatever may have been received in exchange for the thing he seeks to recover back. Evans v. Gale, 17 N. H. 573; 43 Am. Dec. 614; Jones v. Anderson, 82 Ala. 302 [2 South. 911]. In this case the plaintiff parted with the possession and such special property in the horses as was vested in it as a common carrier or bailee upon the consideration of the payment of a certain sum of money. It seeks to recover back the property upon the grounds that it delivered the property to defendant by mistake of fact, or fraud, and at the same time refuses to repay the defendant the

money received. We cannot perceive any sound reason why the general rule does not apply to the plaintiff. The appellee cites the case of Young v. East Alabama Ry. Co., 80 Ala. 100, in support of the contention that plaintiff could maintain the action, without a restoration of the money received. There are some expressions in the opinion which sanction the contention; but the case rightly construed, with reference to the facts, is not an authority on the question."

Here the case is much weaker for the carrier. The delivery was made to appellant without fault on its part. It really thought at the time it received the seed that the seed belonged to it, and that the delivery was intended to be made to it. If any fault could be ascribed to it, it was mere negligence in not ascertaining that these particular seed were not intended to be delivered to it. It did not discover the mistake until it was too late to redeliver the seed to appellant or the true owner. It did, however, then pay the original vendor therefor, who had reacquired the title of the vendee, to whom delivery should have been made.

[4] Surely it ought not now again be required to pay to the carrier the value of the seed, on account of its own fault. The principles applicable to this case and which control the decision are well stated by Freeman, in a note in 24 Am. St. Rep. 805, which note has been heretofore approved by this court. It is there said:

"An innocent person cannot be held liable for a conversion, if his act can be justified as having been in any manner authorized by the owner of the property. Therefore if a baker orders flour of K. and H., who, in turn, buy of G. to fill such order, and the warehouseman with whom the flour was stored delivers to K. and H. flour which belonged to M., and K. and H. deliver it to the baker, who uses it, the warehouseman cannot maintain trover against the baker therefor. 'In this case,' the court said, 'when the owner has given to another, or permitted him to have, control of the property, no one can be held responsible in tort for its conversion who merely makes such use of the property, or exercises such dominion over it, as is warranted by the authority thus given.' Strickland v. Barrett, 20 Pick. 415; Burbank v. Crooker, 7 Gray, 158, 66 Am. Dec. 470. In this case the plaintiffs delivered the flour to Kemble and Hastings as the flour purchased by them from Greenough. Against the plaintiffs, therefore, the delivery to Kemble and Hastings, and the sale by them to the defendant, was an authority to him to treat it as his own. That it was so delivered by mistake might have entitled the plaintiffs to reclaim the property from one having it in possession, or to recover its value from one who had disposed of it with knowledge of the mistake. Chapman v. Cole, 12 Gray, 141, 71 Am. Dec. 739. But they cannot take advantage of their own mistake to convert into a tort that which has been done in good faith, in pursuance of authority given by themselves.' Hills v. Snell, 104 Mass. 173, 6 Am. Rep. 216."

[5] It results that the trial court erred in rendering a judgment for the carrier; the judgment should have been for the appellant, on the undisputed facts. The case being tried by the court without a jury, it is clear,

under our recent statutes, that it is our duty, not only to reverse the judgment of the trial court, but to here render such judgment as the trial court should have rendered, which will accordingly be done.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.