148 So. 415

## JEFFERSON COUNTY v. BUSBY.

### 6 Div. 369.

Court of Appeals of Alabama.
Jan. 31, 1933.

Judgment Corrected April 11, 1933.

Rehearing Denied May 23, 1933.

450

Jelks H. Cabaniss, of Birmingham, for appellant.

Crampton Harris and J. Q. Smith, both of Birmingham, for appellee.

SAMFORD, Judge.

The plaintiff in the court below is a bailiff in the circuit court of Jefferson county, and sues to recover unpaid balance of salary claimed to be due under Gen. Acts 1927, p. 714, approved September 2, 1927.

The sole and controlling question involved in this appeal is the validity of the act of the Legislature, supra, upon which this claim is based.

Being divided in our opinion on the question, this court submitted to the Supreme Court the following inquiry:

"To The Supreme Court, Honorable John C. Anderson, Chief Justice and Associate Justices: Greetings:

"Under the provisions of the Statute, Code 1923, par. 7322, the following question is submitted to the Supreme Court for determination: Is the act of the Legislature approved September 2, 1927 (Gen. Acts 1927, p. 714) violative of section 106 of the Constitution of 1901?

"The caption to the act is as follows: 'An Act to provide for the appointment of bailiffs in all circuit courts in all counties of the State of Alabama, having a population of 200,000 or more, according to the last Federal census, and to fix the compensation of such bailiffs, and to provide for the payment of such compensation.' There was no advertisement of this act as provided by the Constitution for the passage of a local act.

"A cause dependent upon the constitutionality of the above act, solely, is now pending in this court.

"For your information we are transmitting herewith briefs filed both for the appellant and the appellee."

In response to the foregoing the Supreme Court made answer holding that the act in question is a local act and is void as being in conflict with section 106 of the Constitution of 1901.

In this decision ANDERSON, C. J., and BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur, while GARDNER and THOMAS, JJ., dissent.

For a full discussion of the question, reference is here made to Jefferson County v. Busby, 226 Ala. 293, 148 So. 411, by which this court is bound, and a further discussion would be superfluous.

It follows that the judgment is reversed, and a judgment will here be rendered for the defendant.

Reversed and rendered.

On Rehearing.

PER CURIAM.

The judgment of the circuit court having been reversed and one here rendered based upon a response by the Supreme Court to an inquiry by this court as to the constitutionality of an act of the Legislature named in the inquiry and in the opinion herein rendered, and the Supreme Court having finally on March 9, 1933, declined to change its opinion as to the constitutionality of act of the Legislature approved September 2, 1927 (Gen. Acts 1927, p. 714), and the cause having been restored to the rehearing docket in this court for final disposition, the appellee makes the following motion:

"Now comes the plaintiff (appellee) in the above styled cause and moves the Court to correct the judgment of the court below and affirm this cause and for grounds of said motion assigns the following:

"1. For that the lower court erred in rendering a judgment in favor of the plaintiff for the sum of Five Hundred Twenty-Five ($525.00) Dollars, when said judgment should have been rendered for the plaintiff and against the defendant in the sum of Three Hundred ($300.00) Dollars.

"2. For that under the evidence in this case the plaintiff (appellee) was entitled to recover only the sum of Three Hundred ($300.00) Dollars and not the sum of Five Hundred Twenty-Five ($525.00) Dollars as rendered by the Circuit Court.

"3. For that under the law as declared by the Supreme Court on certificate of the constitutional question heretofore certified by the Court of Appeals the judgment of the Circuit Court was excessive.

"Thomas J. Judge
"Ernest Matthews
"Attorneys for Appellee.

"The plaintiff (appellee) hereby remits the sum of Two Hundred Twenty-five ($225.00)

Dollars of the judgment heretofore rendered by the Circuit Court in this case, as provided by Section 6150 of the Code of 1923, and prays that judgment be here rendered for the plaintiff and against the defendant in the sum of Three Hundred ($300.00) Dollars, together with interest thereon and 10% damages as allowed by law, and that the cause be affirmed.

"Thomas J. Judge
"Ernest Matthews
"Attorneys for Appellee."

This was a suit filed on the common counts for the sum of $525, together with interest thereon. The defendant pleaded the general issue. Judgment was rendered by the court without the intervention of a jury for the plaintiff and against the defendant in the sum of $525, and from this judgment the defendant appealed.

The evidence is without conflict or dispute.

The plaintiff's claim was for a balance of salary due to him as a bailiff of the circuit court for Jefferson county. He filed a claim with the county commission for his salary, at the rate of $175 per month, as provided by the act of the Legislature approved September 2, 1927 (Gen. Acts 1927, p. 714), a particular intemization of which is on page 6 of the transcript. That the plaintiff performed the services is not disputed in the evidence, and the court rendered a judgment for the plaintiff for salary due to him on the basis of $175 per month.

This cause was tried in the circuit court without the intervention of a jury and on testimony that was without dispute or conflict. The amount of the judgment in the lower court was predicated on an act of the Legislature (Gen. Acts 1927, p. 714), which fixed the compensation of the circuit court bailiffs of Jefferson county at the sum of $175 per month. This act was declared unconstitutional. The act of 1927 being declared unconstitutional, the compensation of bailiffs is fixed by the act of the Legislature approved September 17, 1923 (Gen. Acts 1923, p. 283), and this act fixes their compensation at the sum of $150 per month.

Appellee's motion and remittitur in this case is predicated on the difference in the compensation fixed by the act of 1927 and the act of 1923.

To state the proposition differently—under one act the plaintiff was entitled to $175 per month, and under the other to $150 per month. These facts are all apparent from the transcript in this cause.

Since the advisory opinion of the Supreme Court which struck down the act of 1927, the Court of Appeals is faced with the problem of what should be the proper judgment in this case.

Section 6149 of the Code is as follows: "The appellate court may, upon the reversal of any judgment or decree, remand the same for further proceedings, or render such judgment or decree as the court below should have rendered, when the record enables it to do so."

This section of the Code is merely declaratory of the power of the court in causes pending on appeal. The court has many times applied this statute, and for convenience we quote from a few of the cases construing this section: "Where judgment of court sitting without jury is reversed, final judgment will generally be rendered." Lewis v. Burch, 215 Ala. 20, 108 So. 854.

"Under section 2890, Code 1907, where the judgment rendered is not justified by the evidence, the appellate court will render a final judgment * * * in accordance with the law and the evidence." Montgomery Light & Traction Co. v. Woods, 194 Ala. 329, 70 So. 119.

"Judgment may be rendered by Supreme Court on reversing judgment of trial court, where amount due is not in dispute and cause was tried before court without jury." Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A. L. R. 1437.

If error is discovered in judgment of a court on the evidence in a cause tried without a jury, "the Supreme Court may render such judgment as the trial court should have rendered." Wallace v. Crosthwait, 196 Ala. 356, 71 So. 666.

The "appellate court, in reversing judgment rendered by trial court without a jury, may render judgment for appellants instead of remanding case." Cochran v. Leonard, 204 Ala. 163, 85 So. 693.

"Where judgment rendered by court trying case without jury is reversed, appellate court may render such judgment as trial court should have rendered." Farmers' Cotton Oil Co. v. Atlanta & St. A. B. Railroad Co., 202 Ala. 49, 79 So. 387.

In this case, tried without a jury and on uncontradicted facts, indeed, facts that are all apparent from the public records of Jefferson county and about which there can be no possible conflict, we are of the opinion that this court should here render the judgment that should have been rendered by the court below.

The amount due the plaintiff under the bailiff's salary act of 1923 (Gen. Acts 1923, p. 283) is easily computable in accordance with the testimony. The court computes the amount for the given number of months at $150 per month instead of at the rate of $175 per month, as was done by the circuit court. Should the cause be reversed and additional cost and delay occasioned thereby, the lower court could do nothing more than

merely compute the amount as above. The policy of the courts is to have an end to litigation as early as possible.

The motion of appellee is granted to the extent that the judgment of reversal is set aside and a judgment will here be rendered in favor of appellee for $300 and interest from the 21st day of May, 1932, but without penalty or costs of appeal. The costs of appeal are taxed against appellee.