# Henderson *v.* Gilliland, *et al.*

*Bill to Restore to Complainant a Note and Mortgage.*

(Decided June 18, 1914.   65 South. 793.)

1. *Frauds; Statute of; Promise to Answer for the Debt, Default or Miscarriage.*—Where one indorsed notes payable to herself to another to be used by such other to secure his own notes given to a third person, there was no promise by the one endorsing the notes and mortgage to answer for the debt or defraud of such other, and the statute of frauds is not applicable.

2. *Fraud; Evidence; Presumption.*—Fraud is never presumed, but must be shown by clear and satisfactory proof; where a transaction is fairly susceptible of two constructions, that construction will be adopted which will free it from the imputation of fraud.

3. *Conspiracy; Fraud; Evidence.*—The evidence examined and held not to show a conspiracy between respondents to induce the assignment of a note and mortgage, or that they made false representation for the purpose of inducing such assignment.

Appeal from Jefferson Circuit Court.

Heard before Hon. E. C. Crowe.

Bill by Mattie Henderson against A. L. Gilliland and others to restore to complainant a certain note and mortgage for the fraud and misrepresentations in procuring its assignment. Decree for respondents and complainant appeals. Affirmed.

CARMICHAEL & WYNN, for appellant. The securities were obtained from appellant by fraud or misrepresentation with which A. L. Gilliland was sufficiently connected.—*Hafer v. Cole,* 57 South 757; *Merritt v. Ehrman,* 116 Ala. 279; *Costley v. Allen,* 56 Ala. 98; *Kennedy v. Kennedy,* 2 Ala. 571; Kerr on Frauds, 41-43 and 381; §§ 3298-9, Code 1907. The agreement was void under the statute of frauds.—*White v. White,* 107 Ala. 417; § 3289, Code 1907.

TILLMAN, BRADLEY & MORROW, M. M. BALDWIN, and J. A. SIMPSON, for appellee. Any agreement that was made was executed prior to the filing of the bill, and hence, was without the operation of the statute of frauds.—*Henderson v. Minchener,* 61 South. 246; *Kling v. Tunstall,* 124 Ala. 268; *Gorden v. Tweedy,* 71 Ala. 202; *Andrews v. Jones,* 10 Ala. 400; 1 Caldwell, 226; 30 S. E. 728. Appellee was not guilty of fraud as against Mrs. Henderson.—26 Ohio St. 385; 36 Am. Rep. 147; 47 Am. St. Rep. 489; 63 Am. St. Rep. 830; 25 S. E. 754; 5 Am. St. Rep. 864; 38 Am. Rep. 389; 336 N. E. 321; 110 Ill. 448; 46 N. J. L. 380; 68 Am. Dec. 74. Under the evidence, Mrs. Henderson made no promise to answer for the debt, default or miscarriage of G. N. Henderson.

McCLELLAN, J.—This bill is filed by Mrs. Henderson, appellant, against A. L. Gilliland and G. N. Henderson; and its purpose is to effect the restoration to complainant of a certain note, a negotiable instrument, and mortgage to secure it which complainant assigned by indorsement only, and which was delivered, by G. N. Henderson, to Gilliland as security for the payment of notes, aggregating $500, executed by complainant's son, G. N. Henderson, to Gilliland. The consideration for

the notes to Gilliland executed by G. N. Henderson, was five shares of stock in a corporation styled the Tomlin Mercantile Company, of a par value of $100 the share. It seems to have been assumed, if not expressly understood, by both Gilliland and G. N. Henderson, as well as by W. B. Tomlin, the major stockholder and president of the company, that the purchase of the stock by G. N. Henderson would carry with it the substitution of G. N. Henderson for Gilliland as the bookkeeper of the concern at a salary of $75 per month. G. N. Henderson was unable, out of his own resources, to pay cash for the stock or to furnish the security demanded by Gilliland. His mother (complainant) held a note and mortgage, given by Tolbert and wife, to her, for about $575. In order to enable her son to effect the purchase of the stock, she, upon the earnest insistence of her son, G. N. Henderson, and upon the direct recommendation of Tomlin, who was Gilliland's father-in-law and with whom Gilliland occupied their dwelling, indorsed the note and mortgage which her son delivered to Gilliland as security for the payment of his notes to Gilliland.

The restoration prayed to be effected is based upon the allegation of fraud, of misrepresentation: First, by Tomlin and Gilliland as the expression of a conspiracy between them to induce complainant's assignment of the note and mortgage as security for G. N. Henderson's notes; or, second, that Gilliland made, knowingly, false representations to G. N. Henderson "for the purpose of inducing him to purchase said shares of stock," and to give him security for the payment of the purchase price, with full knowledge at the time that said stock was worthless.

There is another aspect predicated of the theory that the indorsement stated effected to bring complainant into a relation to Gilliland whereby she would be made

to answer for the debt, default, or miscarriage of her son in respect of the payment of his notes to Gilliland.

Within 30 days of the sale of the stock to Henderson the corporation was, on voluntary petition, adjudged a bankrupt by the District Court of the United States.

The circumstances shown leave no doubt of the inapplication of the statute of frauds, asserted, as indicated, by complainant. At most her unrestricted indorsement of the Tolbert obligations imposed upon her the liability to assure the payment thereof if Tolbert did not pay. She made thereby no promise to pay G. N. Henderson's notes to Gilliland, and no evidence of such a promise appears.

On only two theories could vitiating effect, entitling complainant to relief, be accorded the false statements of fact, as to the concern's financial condition, made by Tomlin or Gilliland, or both; and they are these: That Gilliland, who, himself, made no statements of any kind to Mrs. Henderson, made such false representations to G. N. Henderson with the purpose of inspiring G. N. Henderson to induce his mother (complainant) to furnish security, for the notes to Gilliland, by assigning to her son the Tolbert obligation with the knowledge that the false representations so made to the son would be of influence with the mother in her action in the premises, and that the assignment was so induced; or, second, that there was a conspiracy on the part of Tomlin and Gilliland to sell the stock to G. N. Henderson by misrepresenting the financial status of the concern and in the promotion thereof that Tomlin did follow up the thus initiated project by imposing upon G. N. Henderson and his mother a false notion of the financial condition of the company, and that the contemplated effect was wroght out to the end that the object entertained was accomplished.

The whole evidence has been carefully considered and reviewed, and so in the light of exhaustive discussions in briefs of the solicitors. Our conclusion is that, notwithstanding the evidence carries an effect reflecting serious suspicion upon the good faith of both W. B. Tomlin and A. H. Gilliland, the complaint has not discharged the burden of proof assumed by her to sustain the assertions of fraudulent purposes and conduct alleged against these men. Fraud is never presumed; and to be accepted as the basis of judicial action "must be proved by clear and satisfactory evidence; and when a transaction is susceptible fairly of two constructions, the one which will support and free it from the imputation of impurity of intention will be adopted."—*Allen v. Riddle*, 141 Ala. 621, 37 South. 680. The evidence is in irreconcilable conflict upon several of the elements that must be found to have been present if the complainant is to sustain her right to relief. In the first place Gilliland himself never made any representations of any kind to Mrs. Henderson. If Gilliland is to be affected by false statements made to her by Tomlin, it must be because of a fraudulent conspiracy entered into by Tomlin and Gilliland—a condition of fact that is not established to the degree of certainty and satisfaction necessary to justify that finding. As for the repetition, by G. N. Henderson to his mother, of false representations made by Gilliland to G. N. Henderson, it cannot be affirmed that Gilliland so falsely impressed G. N. Henderson with the purpose of inducing the complainant to assign her Tolbert obligations—a necessary condition of fraudulent purpose that does not consist with the fact that the misrepresentations made to G. N. Henderson by Gilliland antedated any suggestion that Mrs. Henderson should or would assign the Tolbert papers

to enable her son to furnish the security for his notes to Gilliland.

The decree is affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.