# Wallace *v.* Crosthwait.

### Assumpsit.

(Decided April 20, 1916.   71 South. 666.)

1. **Appeal and Error; Review; Exceptions; Necessity.**—Where the trial is by the court without a jury, either party may by bill of exception present for review the judgment of the trial court on the evidence without an exception thereto, and if error is discovered, the appellate court may proceed to render such verdict as should have been rendered, or may reverse and remand.

2. **Frauds; Presumption and Burden of Proof.**—The law does not presume fraud, and when the charge of fraud is made, it must be established by the evidence before relief can be had.

3. **Sales; Remedy of Buyer; Evidence.**—The evidence in this case examined and held insufficient to show the bale of cotton was water packed or

[Wallace v. Crosthwait.]

plated, but rather to show that it was sold as damaged cotton without fraud, and hence, nor authorizing a recovery under § 3734, Code 1907.

4. **Words and Phrases; "Water Packed."**—A water packed bale of cotton is one to the lint of which water is added in such a manner that the weight is increased, or in which water damaged cotton was placed, or the sampling sides of which are packed with cotton not so wet or water damaged. If, however, the seed cotton entering into the bale was merely green or damp when ginned and pressed, and no water or moisture, or other extraneous matter is added by human agency, such bale is not fraudulent or water soaked.

APPEAL from Lawrence Circuit Court.

Heard before Hon. A. H. ALSTON.

A. J. CRÒSTHWAIT sued W. C. Wallace to recover the purchase price of a bale of cotton, and had judgment from which defendant appeals. Reversed and rendered.

Transferred from Court of Appeals.

W. T. LOWE, for appellant.   J. M. IRWIN, for appellee.

THOMAS, J.—The suit was by plaintiff, appellee here, for the recovery of the purchase price of a bale of cotton sold to him by defendant. The gravamen of count 3 was that said bale of cotton was "water-packed," that this fact was unknown to plaintiff buyer at the time of the purchase, and that on account of such condition plaintiff suffered the damages. The cause was tried by the court without the intervention of a jury. The special finding of fact was "that the bale of cotton in controversy was water-packed," and judgment was entered for plaintiff.

(1) In the trial of a cause without a jury either party may by bill of exceptions present for review by this court the judgment of the trial court on the evidence, without an exception thereto; and this court will review such finding. If there is error, such judgment will be here rendered as the court below should have rendered, or the cause may be reversed and remanded for further proceedings in the lower court.

(2, 3) The warranty on sale of a bale of cotton by the planter is thus declared by statute (Code 1907, § 3734): "When cotton in bales is sent by a planter or other owner to a factor for sale, a warranty is implied on the part of such planter or owner to the factor, and the purchaser from such factor, respectively, that such cotton is not fraudulently packed; and when cotton is sold by sample by the owner or his factor, that the sample has been

fairly drawn, and that the cotton is not fraudulently packed, and no other warranty is thereby implied; and for any breach of such implied warranty, the purchaser may recover damages, either from the owner or factor selling the same; but no action can be brought for any breach of such last mentioned implied warranty, unless the suit is commenced within one year after such sale; but planters shall not be liable, in any way, for losses sustained by factors or commission merchants for having sold cotton by fraudulent or unfair samples, unless such loss was occasioned by plating or fraudulent packing of the cotton by such planter."

The law does not presume fraud, and, when a charge of fraud is made as a fact, and it is denied, it must be established by the evidence before relief can be had. If the facts and circumstances from which the alleged fraud is supposed to arise may be reasonably consistent with honest intentions, fraud will not be imputed. —*Thames v. Rembert*, 63 Ala. 561; *Harrell v. Mitchell*, 61 Ala. 270, 281; *Allen v. Riddle*, 141 Ala. 621, 37 South. 680; *Morris & Co. v. Barton & Allen*, 180 Ala. 98, 60 South. 172; *Henderson v. Gilliland*, 187 Ala. 268, 65 South. 793.

(4) Cotton is one of the chief products of agriculture in this state, and from its preparation for market and sale have come the expressions "plated," "sand-packed," and "water-packed," each with well-understood meaning.—*Daniel v. State*, 61 Ala. 4. A civil and a criminal statute have been enacted to prevent the fraudulent packing of bales of cotton by "plating or otherwise." —Code 1907, §§ 3734, 6683. When cotton is "ginned and packed" into a merchantable bale, the warranty is implied that the lint coming from the gin has not been so dealt with or manipulated as to fraudulently increase its weight, that wet or damaged staple has not been placed therein, and that the sides of the bale from whence the sample is to be taken have not been plated with a better staple.

A "water-packed" bale of cotton is one to the lint of which water was added in such manner that the weight was increased, or in which water-damaged cotton was placed, or the sampling sides of which were plated with lint cotton not so wet or water-damaged. In other words, if water was added to the lint cotton before or at the time it was pressed into a bale, or wet or water-damaged cotton was concealed therein, such a bale is water-packed. If, however, the seed cotton entering into the bale was

[Wallace v. Crosthwait.]

merely "green" or damp when ginned and pressed, and no water or moisture or other extraneous matter was added by human agency, such a bale could not be said to be a fraudulent or a water-packed bale of cotton.

We have carefully followed the evidence on which the special finding of the trial court was rendered. With frankness of statement the plaintiff, the ginner of the bale of cotton in question, and the defendant, have detailed the facts. There is little if any, conflict in the testimony. The cotton was ginned at Moulton, placed on defendant's wagon, and immediately sold to plaintiff, who was an experienced buyer. Plaintiff states that he bought the cotton on his own judgment, from the samples that he took from the bale; that he knew it was bad when he bought it; that the defendant did not bring him a sample, and made no representations concerning the cotton; and that after its purchase he allowed it to lie on the platform, without shelter, for 35 or 40 days, when he sold it to Mr. Jones, who "some time after" resold it to a factor in Decatur, who "later" discovered its damaged condition. The record does not disclose the length of time that elapsed from its purchase by plaintiff to the discovery of its condition at the compress in Decatur.

The seed cotton was "bad and damp" when offered to Mr. Prince to be ginned. The defendant then carried it to Moulton, where it was ginned by Mr. Long, who testified that the cotton was ginned from defendant's wagon, and just as other cotton was ginned; that it was conveyed by suction pipes to the gin, and that the lint was conveyed by machinery to the press; that it was not handled other than by machinery in this process; that the bale could not have been "water-packed" without stopping the gin and subjecting it to water while the machinery was standing; that he did not water-pack the bale of cotton; and that defendant "did not handle or have anything to do with the bale of cotton from the time it left the wagon until it was rolled out from the press, when he put it on the wagon and drove away."

The counts for deceit were unsupported by the evidence, and judgment thereon must be for the defendant.—*Scott v. Holland,* 132 Ala. 389, 31 South. 514.

After a careful consideration of the evidence we are of opinion that the great weight of the evidence shows there was no deceit or breach of warranty or bad faith on the part of the seller towards purchaser, and that the bale of cotton was not, in

fact, water-packed.  The reasonable view of the transaction, and the view consistent with honest intention, is that the cotton was carried to the gin by the seller, where, without change in its condition, it was ginned and packed, and was afterwards purchased by plaintiff; that it was of the last of defendant's crop, and for this reason was of inferior grade, and perhaps "frost-bitten," and that it was purchased as such inferior or damaged grade of cotton; that after its purchase the buyer allowed it to remain exposed to the weather for a month or more, and that its deterioration occurred while in the possession of a subsequent purchaser.

The court committed error in finding from the evidence that the bale was water-packed, and in rendering judgment for the plaintiff.

Judgment is here rendered for the defendant, and the appellee is taxed with the costs in this court and in the lower court.

Reversed and rendered.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.