(105 So. 195)

## M. HOHENBERG & CO. v. HENDRIX.
### (1 Div. 319.)

(Supreme Court of Alabama. May 1, 1924. Rehearing Granted June 26, 1924. Rehearings Denied Dec. 4, 1924, and June 25, 1925.)

1. **Appeal and error** 268(1)—**Review of judgment on the evidence may be had without reserving exception.**

In action tried by court without jury, review of judgment on the evidence may be had under an assignment of error without reserving an exception.

2. **Principal and agent** 96—**Principal could not confer authority upon agent to do that which he himself was expressly prohibited from doing.**

A principal dealing in cotton could not confer authority upon his agent to use standard in grading cotton other than that established by Acts 1920, p. 140.

3. **Evidence** 65—**Presumed that buyer and seller of cotton knew classification thereof according to standard other than standard fixed by statute was prohibited.**

It is presumed that the buyer and seller of cotton knew that a classification thereof according to a standard other than the standard fixed by Acts 1920, p. 140, was prohibited by that act.

4. **Sales** 342—**Seller of cotton, whose agent used standard of grading other than standard fixed by statute, held entitled to recover difference in price between two standards.**

A seller of cotton, who was without knowledge that his agent in grading the cotton used a standard other than standard fixed by Acts 1920, p. 140, held entitled to recover from buyer of such cotton the loss in price occasioned by using such standard.

5. **Constitutional law** 89(1)—**Sales** 1(1)—**Act fixing cotton standards for grading purposes held valid.**

Acts 1920, p. 140, which fixes cotton standards for grading purposes, held not void as violative of freedom of contract.

6. **Appeal and error** 270(2)—**Appellant's failure to reserve exception to overruling of motion for new trial held to preclude consideration of such ruling.**

Appellant's failure to reserve exception to overruling of motion for new trial upon the ground of surprise and newly discovered evidence held to preclude consideration of such ruling.

Sayre and Miller, JJ., dissenting.

Appeal from Circuit Court, Monroe County; John McKinley, Judge.

Action by M. Hohenberg & Co. against R. D. Hendrix, and plea of set-off by defendant. From a judgment over for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

M. E. Frohlich, of Selma, and Steiner, Crum & Weil, of Montgomery, for appellant.

Defendant cannot recover for his own wrongdoing. Woods & Co. v. Armstrong, 54 Ala. 150, 25 Am. Rep. 671; Whitehead v. Coker, 16 Ala. App. 165, 76 So. 484; Ex parte Whitehead, 200 Ala. 701, 76 So. 999; Town of Cottonwood v. Austin, 158 Ala. 117, 43 So. 345; Bowdoin v. Chemical Co., 201 Ala. 582, 79 So. 4; Paul v. Patterson, 210 Ala. 532, 98 So. 787; Jemison v. B. & A. R. Co., 125 Ala. 378, 28 So. 51; 2 Williston on Sales (2d Ed.) 1728. The act of 1920 is void. Woods & Co. v. Armstrong, supra; U. S. v. Bernstein (D. C.) 267 F. 295; Const. Ala. 1901, §§ 1, 4, 6, 35; Const. U. S. Amend. 5; 12 C. J. 929; Wolff Packing Co. v. Court of Ind. Rel., 262 U. S. 522, 43 S. Ct. 630, 67 L. Ed. 1103, 27 A. L. R. 1280; Adkins v. Children's Hospital, 261 U. S. 525, 43 S. Ct. 394, 67 L. Ed. 785, 24 A. L. R. 1238.

Hybart & Hare, of Monroeville, for appellee.

To review the judgment rendered, an exception thereto is necessary. Connally v. State, 18 Ala. App. 667, 94 So. 134. The act of 1920 is a valid exercise of the police power of the state. 40 Cyc. 881. No custom or usage contrary to law can be set up as a justification for a violation of the law. 31 Cyc. 1331; 12 A. & E. Ency. Law (2d Ed.) 632. A principal cannot confer on his agent authority to do that in his behalf which he has not the ability to do for himself. 31

Cyc. 1214; Ferguson v. Morris, 67 Ala. 395; 2 C. J. 886; Gambill v. Fuqua, 148 Ala. 448, 42 So. 735; 11 R. C. L. 785; Collins v. A. G. S., 104 Ala. 390, 16 So. 140; 1 A. & E. Ency. of Law, 419; Jackson v. Jackson, 47 Ga. 99; Georgia Cot. Co. v. Lee, 196 Ala. 599, 72 So. 158.

GARDNER, J. Appellant sued appellee on a promissory note. No defense was interposed as against this suit upon the note, but the defendant interposed a plea of set-off. The cause was tried before the court without a jury, and upon the conclusion of the evidence the court rendered a judgment in favor of the defendant on the plea of set-off, from which the plaintiff has prosecuted this appeal.

[1] The first assignment of error seeks to review the judgment of the trial court on the evidence, and such a review may here be had without exception having been reserved thereto. Headley v. McCall, 205 Ala. 108, 87 So. 355, and Wallace v. Crosthwait, 196 Ala. 356, 71 So. 666.

The defendant's claim of set-off is as follows: On November 1, 1920, he had for sale 65 bales of cotton which he forwarded to the R. H. & W. C. Agee Grocery Company, commission merchants in Selma, Ala., for sale as his agents. The said Agee Grocery Company, acting for this defendant, on the next day sold the cotton to this plaintiff. For the purpose of consummating this sale, the cotton sampler and grader of the grocery company and of the plaintiff proceeded to grade this particular lot of cotton; and it is insisted by the defendant that these graders in grading said cotton for their respective principals graded the same according to the American standard classification, instead of the official cotton standards of the United States, and that therefore in grading said cotton they violated the provisions of the Act of 1920, p. 140, which was in force at the time of said sale. The American standard classification is about one-half grade below the official cotton standards promulgated by the Secretary of Agriculture of the United States, and it is insisted by reason of this wrongful classification the defendant was damaged, and proof offered in support thereof. One Christenberry did the grading of the cotton for the Agee Grocery Company, while one Patterson was the plaintiff's grader. Only Christenberry testified upon this question. He stated that he knew only the American standard classification, and that he and Patterson "went strictly by that classification as nearly as possible." This witness further testified that this cotton "was not sold on type or sample," and this was without dispute. The provision in section 2 of the above-cited act, therefore, to the effect that "nothing in this section will prevent the selling of cotton on types or samples," has no application to the instant case. It is without dispute that, upon

consummation of the sale by delivery of the cotton (it was known as a sale of cotton "to arrive"), the defendant had no knowledge that the American classification had been used in grading the cotton, but had expressed disappointment at the grade.

The defendant by his cross-claim seeks to recover damages based upon the alleged unlawful classification as above outlined. The above-cited act of 1920 was passed in the exercise of the police powers of the state. It establishes as the official cotton standards of this state the official standards of the United States as promulgated by the Secretary of Agriculture of the United States, and expressly declares the use of any other standards as unlawful. It may be well to set out the two sections of the act here pertinent, which are as follows:

"Section 1. On and after November the first, 1920, the official cotton standards of the United States as established and promulgated from time to time by the Secretary of Agriculture of the United States shall, while they are in effect, be the official cotton standards of this state on which all cotton, which is of, or within the grades of the said official standards, shall be sold in this state.

"Sec. 2. It shall be unlawful, in, or in connection with, any transaction or transactions in commerce, subject to the jurisdiction of this state, or in any publication in this state for any person, firm, association or corporation to indicate the grade of any cotton which is of or within the grades of the said official cotton standards by any name, description, or designation or any system of names, descriptions or designations, not used in said standards. Provided that nothing in this section will prevent the selling of cotton on types or samples. Any person, firm, association or corporation who shall violate the provisions of this section shall for each offense be guilty of a misdemeanor, and punished as provided by law."

Upon original consideration of this cause, we applied the general rule of law that knowledge of the agent acting within the line and scope of his authority and in prosecution of his principal's business was notice to the principal, and that therefore defendant, under this rule, was held to have knowledge of this classification, and bound thereby. Farmers' Bk. & Tr. Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363. But upon reconsidering the cause we are of the opinion that we fell into error in applying that general rule to the facts in the instant case.

[2, 3] Here the agent's authority to sell was presumably to be exercised in the usual course of business (11 R. C. L. 785; Upton v. Suffolk County Mills, 11 Cush. [Mass.] 586, 59 Am. Dec. 163), and the principal could not confer authority upon the agent to do that which he himself was expressly prohibited from doing (Ferguson v. Morris, 67 Ala. 389; 31 Cyc. 1214). The agent was without authority to employ any other classification than that fixed by the United States Commissioner of Agriculture. By virtue of this

statute, the law itself fixed the classification, and the parties are presumed to have known that any other classification was prohibited.

The case here, we think, bears analogy to those cases holding freight rates fixed by statute must control, regardless of contracts of the parties to the contrary, and permitting recovery by the carrier for the difference because of an undercharge. Western Ry. v. Collins, 201 Ala. 455, 78 So. 833; Pittsburg Ry. v. Fink, 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151. In the Fink Case, the court said:

"The purpose of the act to regulate interstate commerce [U. S. Comp. St. § 8563 et seq.] * * * was to provide one rate for all shipments of like character, and to make the only legal charge for the transportation of goods in interstate commerce the rate duly filed with the commission. * * * It was, therefore, unlawful for the carrier upon delivering the merchandise consigned to Fink to depart from the tariff rates filed. The statute made it unlawful for the carrier to receive compensation less than the sum fixed by the tariff rates duly filed. Fink, as well as the carrier, must be presumed to know the law, and to have understood that the rate charged could lawfully be only the one fixed by the tariff. * * * The transaction, in the light of the act, amounted to an assumption on the part of Fink to pay the only legal rate the carrier had the right to charge or the consignee the right to pay. This may be in the present as well as some other cases a hardship upon the consignee due to the fact that he paid all that was demanded when the freight was delivered; but instances of individual hardship cannot change the policy which Congress has embodied in the statute in order to secure uniformity in charges for transportation."

See, also, N. C. & St. L. Ry. Co. v. Gilliam, 212 Ala. 120, 101 So. 889, where the Fink Case and Western Ry. v. Collins are followed and other authorities to like effect cited.

[4] So, in the instant case, the Legislature has by the act of 1920 declared a fixed policy, that there shall be but one standard for cotton classification, and the inhibition against any other standard is directed against all, both buyer and seller, with penalty for the violation thereof. In transactions coming within the influence of the act, the parties are not at liberty to fix another standard. It is fixed by the statute, and is presumed to be known to the parties, and the transaction, in the light of the statute, amounts to an assumption on the part of the buyer to purchase the cotton according to the lawful standard. To permit the parties to depart therefrom would result in thwarting the policy of the lawmaking body declared in unmistakable terms. The defendant had no knowledge of the illegality of the transaction, and no question of ratification or estoppel is presented, if, indeed, such could be considered in the light of the foregoing authorities. The plaintiff, under the undisputed proof, profited by virtue of this unlawful classification with defendant's agent. Under the classification fixed by the statute, he is yet due on the purchase price the amount as shown by defendant's testimony, and in the purchase of the cotton plaintiff must be considered as having assumed to pay pursuant to the lawful classification. We are of the opinion the defendant has a right of action for the recovery of this difference. N. C. & St. L. v. Gilliam, supra, and authorities there cited.

We therefore conclude that under the undisputed evidence defendant established his cross-claim as found by the trial court and was entitled to recover therefor. This conclusion renders a consideration of other questions presented by rulings on pleadings unnecessary.

[5] We have not overlooked the insistence of counsel for appellant that the act of 1920 is unconstitutional as violative of the freedom of contract. We are of the opinion, however, this act comes within the influence of other similar statutes, enacted in the exercise of the police power and for the public welfare. 40 Cyc. 880, 881; Woods v. Armstrong, supra; Bowdoin v. Ala. Chem. Co., supra.

[6] We have also given consideration to the argument of appellant's counsel, there was error in overruling the motion for a new trial upon the ground of surprise and newly discovered evidence. This ruling of the court, however, is not here reviewable in view of plaintiff's failure to reserve an exception thereto. Akin v. Hardware Co., 207 Ala. 523, 93 So. 408, and authorities there cited.

Upon a reconsideration of this cause, we have reached the conclusion that the judgment of the court below should be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

SAYRE and MILLER, JJ., dissent.