(109 So. 574)

## LOUISVILLE & N. R. CO. v. A. N. CHAPPELL & CO.   (6 Div. 715.)

(Supreme Court of Alabama.   June 17, 1926.)

Carriers ☞194.

Delivering carrier may recover of consignee for undercharge on interstate shipment delivered to consignee, though latter is agent for consignor, which fact is known to carrier.

Certiorari to Court of Appeals.

Petition of the Louisville & Nashville Railroad Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Louisville & Nashville R. R. Co. v. A. N. Chappell & Co., 21 Ala. App. 531, 109 So. 573. Writ awarded. Reversed and remanded.

Jones & Thomas, of Montgomery, and McClellan, Rice & Stone and J. Kirkman Jackson, all of Birmingham, for appellant.

A carrier must collect freight charges on the basis of the legal rates. N., C. & St. L. R. Co. v. Gilliam, 212 Ala. 120, 101 So. 889; Emerson v. C. of Ga. R. Co., 196 Ala. 280, 72 So. 120, L. R. A. 1916F, 120; C. of G. R. Co. v. Birmingham, Sand & Brick Co., 9 Ala. App. 419, 64 So. 202. The carrier cannot by any act estop itself from exacting the legal rate. Southern R. Co. v. Buckeye Cotton Oil Co., 126 Miss. 562, 89 So. 228; Willson v. American Ry. Ex. Co., 204 App. Div. 59, 197 N. Y. S. 600. A consignee, who has paid only a part of the legal rate, is liable for the balance, irrespective of the relationship existing between him and the shipper, and it is immaterial that the carrier knew the consignee was not the owner of the goods. Western & A. R. Co. v. Underwood (D. C.) 281 F. 891; N., C. & St. L. R. Co. v. Gilliam, supra; N. Y. C. & H. R. R. Co. v. York & Whitney Co., 256 U. S. 406, 41 S. Ct. 509, 65 L. Ed. 1016; Louisville & N. R. Co. v. Central Iron & Coal Co., 265 U. S. 59, 44 S. Ct. 441, 68 L. Ed. 900; L. & N. R. Co. v. U. S., 266 U. S.

638, 45 S. Ct. 10, 69 L. Ed. 482; Pittsburgh, C., C. & St. Louis R. Co. v. Fink, 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151; Great Northern R. Co. v. Hyder (D. C.) 279 F. 783. The case of Central of Georgia R. Co. v. Southern Ferro Concrete Co., 193 Ala. 108, 68 So. 981, Ann. Cas. 1916E, 376, has been overruled. N., C. & St. L. R. Co. v. Gilliam, supra.

J. Reese Murray, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. This was a suit by the railroad company for the recovery of freight charges upon goods delivered by the plaintiff to the defendant as consignee under an interstate shipment, a mistake having been made in the amount of freight paid and which was less than the lawful rate, and the amount here claimed is the difference between the amount collected and which should have been collected as the legal rate.

It is well settled by the authorities, federal and state, that the amount is recoverable. N., C. & St. L. R. R. v. Gilliam, 212 Ala. 120, 101 So. 889; Western Ry. v. Collins, 201 Ala. 455, 78 So. 833. Indeed, the opinion of the Court of Appeals recognizes this law, but proceeds upon the theory that this defendant is not liable, notwithstanding he was the consignee, because he was the agent of the shipper and which fact was known to the plaintiff. As to this point, and as applicable to shipments of this character, the Court of Appeals is in error, and the decision by this court in the case of Cen. of Ga. R. Co. v. Southern Concrete Co., 193 Ala. 108, 68 So. 981, Ann. Cas. 1916E, 376, cited and relied upon, was, in effect, overruled in the Collins Case, supra, and was expressly overruled in the case of N., C. & St. L. R. R. v. Gilliam, 212 Ala. 120, 101 So. 889. There are a few authorities excepting from the rule of liability f. o. b. shipments and those delivered to one known to be the shipper's agent merely, but in the case of Western & Atlantic R. R. v. Underwood (D. C.) 281 F. 891, the consignee was held liable for the carrier's lawful charges, known or unknown, supposed to be prepaid or otherwise, and regardless of what the consignee's relationship to the shipper was. This case finds support in New York Cen. R. R. v. York and Whitney, 256 U. S. 406, 41 S. Ct. 509, 65 L. Ed. 1016, and Pittsburgh R. R. v. Fink, 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151. It was stated in the opinion in this Fink Case:

"It is alleged that a different rule should be applied in this case because Fink by virtue of his agreement with the consignor did not become the owner of the goods until after the same had been delivered to him. There is no proof that such agreement was known to the carrier, nor could that fact lessen the obligation of the consignee to pay the legal tariff rate when he accepted the goods."

The case of L. & N. R. R. v. Central Iron Co., 265 U. S. 59, 44 S. Ct. 441, 68 L. Ed. 900, cited in the opinion of the Court of Appeals, does not support its holding, but reaffirms the liability of the consignee as laid down in the Fink Case, supra.

The writ is awarded, and the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded, and reversed and remanded.

All the Justices concur.